Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000645
25-OCT-2016
08:04 AM

NO. CAAP-15-0000645

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MITCHELL A. BURGE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0423)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


Defendant-Appellant Mitchell A. Burge appeals from an Amended Judgment, Guilty Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit ("Circuit Court"), on July 30, 2015.[1/] After a jury trial, the Circuit Court convicted Burge of one count of Assault in the Third Degree ("Assault 3"), in violation of Hawaii Revised Statutes ("HRS") § 707-712(1)(a). On appeal, Burge argues that the Circuit Court erred in convicting him of Assault 3 as a misdemeanor, rather than a petty misdemeanor, where the evidence showed that the complaining witness ("CW") engaged in a mutual affray. Burge does not argue that there was insufficient evidence to convict him of Assault 3.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Burge's appeal as

---

[1/]    The Honorable Colette Y. Garibaldi entered the Amended Judgment.

follows and affirm.

Considering the evidence in the light most favorable to the State, there was sufficient evidence that Burge and the CW did not engage in a mutual affray. *See* Haw. Rev. Stat. § 707-712 (Supp. 2012); *State v. Eastman*, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996). The CW testified that she tried to intervene in a scuffle between her boyfriend and a group of men. When she saw her boyfriend getting hit, she screamed "stop" and "Get the F back" and tried to push a few people back in an attempt to keep the crowd from jumping in to the fight. Burge hit her with a closed fist, in the upper area of her face, between her nose and eye, at least once, and she fell down. The CW denied threatening or attempting to hit anyone during the time that she was assaulted. A witness also stated that he did not see the CW hit anyone.

There was conflicting testimony as to CW's involvement in the fight. Nevertheless,

> [t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said . . . that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

*State v. Batson*, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992) (citations omitted). Furthermore, "[w]hen reviewing a jury trial, an appellate court will not pass upon the jury's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the jury as the trier of fact." *State v. Jhun*, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996).

During its deliberations, the jury was given a Special Interrogatory, which read:

> If in the Felony Information, you find [Burge] guilty of [Assault 3], you must then answer the following question:
>
> > Did the prosecution prove beyond a reasonable doubt that the fight or scuffle with [CW] was not entered into by mutual consent? (Your answer to this question must be unanimous.)

The jury answered "Yes." In light of the test on appeal, the deference we afford the jury to weigh the evidence, and the

evidence presented in the case, we affirm.

Therefore, IT IS HEREBY ORDERED that the Amended Judgment, Guilty Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit, on July 30, 2015, is affirmed.

DATED:  Honolulu, Hawaiʻi, October 25, 2016.

On the briefs:

Arthur Indiola
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge